McComb *v.* Clyne *et al.*

(*Supreme Court, Special Term, New York County.* October 22, 1888.)

RECEIVERS—DISTRIBUTION OF FUND—RENTS.

Where an order of court authorizes a receiver to rent certain premises to a tenant then in possession, one of the defendants, at a fixed annual rate, and he does not accept the lease and pay the amount, and the receiver leases to others for a greater sum, the former tenant is not entitled to the excess.

At chambers. On motion for payment of money in receiver's hands.

Application by Alfred P. Boles, one of the defendants, to direct Samuel W. Milbank to pay over certain moneys in his possession.

*George H. McAdam,* for the motion.    *Edward C. Perkins, contra.*

INGRAHAM, J. On the appointment of the receiver it became his duty to take possession of the mortgaged premises, and to rent the same for the benefit of the parties to the action. By the order of September 16, 1886, the receiver was authorized to accept from certain persons then holding or occupying the premises in the "Cordova," (the mortgaged premises in question,) as and for a charge to be paid to the receiver for the use and occupation of their premises, a certain sum monthly, in advance, at the rate of $1,700 per annum. That provision was plainly meant for the benefit of those persons, and the provision only applied to such as should accept the terms of the order and pay to the receiver the sum of money mentioned. It would be plainly unjust to allow a person who failed to accept the terms of the order, and pay the sum allowed, to subsequently receive the benefit of the action of the receiver in renting the premises, without in any way making himself liable for the amount to be paid. Upon the petitioner's own statement it is clear that he would not have been responsible to the receiver for the amount provided to be paid by the order, in case it had been impossible for the receiver to rent the premises, or in case the amount of rent received had been less than the amount that the order provided he should pay; and I see no reason why he should be allowed the benefit of any amount realized by the receiver over and above that he was to pay. Before advantage could be taken of the provisions of Justice ANDREWS' order, an affirmative action was necessary on behalf of the persons for whose benefit that order was made, and that affirmative action he failed to take. Motion should therefore be denied, with $10 costs.